UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

THERESA M. PEREZ,

Debtor.

Chapter 13

Case No. 07-20712-LMI

_____/

OBJECTION TO CONFIRMATION
BY KENDALL HEALTHCARE GROUP, LTD.

Pursuant to 11 U.S.C. §§ 109(e) and 1325, and Fed. R. Bank. P. 3015(f), Creditor Kendall Heathcare Group, Ltd. d/b/a Kendall Regional Medical Center ("Kendall") objects to confirmation of the Chapter 13 Plan (the "Plan"; c.p. 18) filed by debtor Theresa M. Perez (the "Debtor") as follows:

1.  Kendall is a creditor or the Debtor, as a result of the Debtor's fraudulent and otherwise wrongful conduct more particularly described in Kendall's pending state court lawsuit against the Debtor and others in Miami-Dade County Circuit Court, Case No. 07-16917 CA (13).

2.  Kendall objects to the Plan under section 1325(a)(4) of the Bankruptcy Code because distributions under the Plan are less than those payable if the Debtor were liquidated under chapter 7. Specifically, the amount of distributions under the Plan ($350 x 36 = $12,600) is considerably less than the non-exempt assets listed by the Debtor in her schedules, including an unencumbered real property in which the Debtor claims an interest valued in the schedules at $250,000.

3.  Moreover, the time to object to exemptions has not passed, and the value of non-exempt assets required to be paid out in the plan may increase beyond what is

currently set forth in the schedules. Kendall expressly reserves the right to amend this plan objection to account for objections to exemptions.

      4. Given the timing of the filing on the eve of critical rulings in the state court case, Kendall questions whether this case was filed in good faith as required by section 1325(a)(3) of the Bankruptcy Code.

      5. Kendall also objects to the Plan on the basis that the Debtor does not have regular income as required by 11 U.S.C. § 109(e), and is thus not eligible for relief under chapter 13. Indeed, the Debtor admits that she is unemployed, and the only source of "income" appears to be support from a friend of the Debtor's, but no affidavit of support has been filed with the Court. And even if such affidavit is provided, Kendall objects on the basis that a friend's non-binding promise to pay a certain amount per month is not sufficient, on its own, to meet the "regular income" requirement.

      6. Kendall reserves the right to amend this objection before confirmation after the conclusion of its investigation and/or further discovery in this case.

WHEREFORE, Kendall respectfully requests that the Court deny confirmation of the Plan and enter such other and further relief as the Court deems just.

Dated: February 19, 2008.

**Certification under Local Rule 9011-4(B)(1)**

I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> Herron | Jacobs | Ortiz
> *Attorneys for Kendall Healthcare Group, Ltd.*
> 1401 Brickell Avenue, Suite 840
> Miami, Florida 33131
> Tel: (305) 779-8100
> Fax: (305) 779-8104
> Aherron@hjo-law.com
>
> By: _____
> Andrew R. Herron
> Florida Bar No. 861560

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to all parties entitled to notice via the court's CM/ECF electronic mail, this 19th day of February 2008.

/s/ Andrew R. Herron
Andrew R. Herron