UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

THERESA M. PEREZ,

       Debtor.

_____/

Chapter 13

Case No. 07-20712-LMI

**REPLY IN FURTHER SUPPORT OF OMNIBUS
MOTION BY KENDALL HEALTHCARE GROUP, LTD.**

     Pursuant to 11 U.S.C. §§ 109(e), 362(d)(1), 502(b) and 1307(c), Fed. R. Bank. P. 3007(a) and 9014, and Local Rule 3007-1, Creditor Kendall Heathcare Group, Ltd. d/b/a Kendall Regional Medical Center ("Kendall") replies in further support of its response to the objection to its claim (the "Objection"; c.p. 57) filed by debtor Theresa M. Perez (the "Debtor") and its motion to either dismiss this chapter 13 case or convert it to chapter 7, or alternatively, for stay relief permitting Kendall to litigate the validity of its claim in currently pending state court proceedings (the "Omnibus Motion"; c.p. 71 and 72).  At the August 27, 2008 status conference on the Objection and the Omnibus Motion, Debtor's counsel raised two points.  First, the Debtor argued (without basis or citation to authority) that Kendall's claim should not be counted in calculating the Chapter 13 eligibility requirements under § 109, apparently because the Debtor disputes the claim.  Second, the Debtor argued that Kendall waived its right to contest the Debtor's Chapter 13 eligibility.[1]  This reply refutes those arguments.

     **1.     The Debtor's Chapter 13 case must be dismissed or converted to a Chapter 7 case under 11 U.S.C. § 109(e).**  As the Omnibus Motion demonstrated, the Debtor's chapter 13

---

[1] The Court accordingly directed Debtor's counsel to provide any further memorandum or supplemental authority by Friday, August 29, 2008.  Regrettably, Debtor's counsel failed to timely follow the Court's directive, belatedly providing the undersigned on Monday, September 1(Labor Day) with two published cases upon which the Debtor apparently relies:  *In re Verdunn*, 210 B.R. 621 (Bkrtcy. M.D. Fla. 1997) and *In re Sullivan*, 245 B.R. 416 (N.D. Fla. 1999).

case must be dismissed or converted to chapter 7 because her debts are non-contingent, liquidated, and greater than $336,900. 11 U.S.C. § 109(e). First, Kendall's $4,693,083 claim far exceeds the § 109(e) $336,900 threshold (even if it is not trebled under Fla. Stat. § 772.11). Second, Kendall's claim is non-contingent because the events giving rise to Kendall's claim (the Debtor's civil theft) occurred prior to the petition. *See, e.g., In re Farber*, 355 B.R. 362, 370-71 ("A debt is non contingent as long as the events that give rise to it occurred prior to the petition."). Third, Kendall's claim is liquidated because it is for a sum certain. *See U.S. v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996) ("A liquidated debt is that which has been made certain as to amount by … operation of law. Therefore, the concept of a liquidated debt relates to the amount of liability, not the existence of liability."); *see also, e.g., In re Adams*, 373 B.R. 116 (B.A.P. 10th Cir. 2007) (claim predicated upon a cause of action for embezzlement deemed liquidated under § 109); *In re Knight*, 55 F.3d 231, 235 (7th Cir. 1995) ("[I]t is clear that the value of the claim is easily ascertainable. The claim against Mr. Knight was fixed in the State's demand letter, which Mr. Knight received before he filed his bankruptcy petition."); *In re Huelbig*, 299 B.R. 721 (Bkrtcy. D.R.I. 2003) (claim predicated upon civil RICO violations deemed liquidated).

Moreover, the fact that the Debtor disputes Kendall's claim is irrelevant. *See Verdunn*, 89 F.3d at 802 n.9 ("The fact that Verdunn contests the Commissioner's claim does not remove it as a claim under section 109(e) or render it unliquidated."); *In re Knight*, 55 F.3d at 234 ("In light of the virtual synonymy of a 'debt' and 'claim,' … we conclude that a disputed claim is a debt to be included when calculating the § 109(e) requirements."); *In re Slack*, 187 F.3d 1070, 1072 (9th Cir. 1999) ("[W]e conclude that a debt can be liquidated even

though liability is in dispute.").[2]

      **2.**      **11 U.S.C. § 109(e)'s eligibility requirements are jurisdictional and thus an objection to eligibility cannot be waived; but even assuming they are not jurisdictional, Kendall has not waived its right to contest the Debtor's eligibility under § 109(e).** The Debtor cites two cases in support of its contention that § 109(e) is not jurisdictional: *In re Verdunn*, 210 B.R. 621 (Bkrtcy. M.D. Fla. 1997) and *In re Sullivan*, 245 B.R. 416 (N.D. Fla. 1999). Although the Courts in the two cited cases determined that §109 is not jurisdictional, neither of these cases is binding on this Court. Indeed, both of these cases acknowledge (1) that there is a split of authority concerning this issue and (2) that the Eleventh Circuit has not ruled on

---

[2] Various courts have explained why a debtor's dispute is not dispositive. For example, in *In re Barcal*, 213 B.R. 1008, 1015 (B.A.P. 8th Cir. 1997), the Bankruptcy Appellate Panel for the Eighth Circuit addressed a debtor's claim that the Bankruptcy court erred in failing to conduct an evidentiary hearing to determine the amount of his tax liabilities and in failing to fully consider the merits of his dispute concerning a claim filed. The Court said,

> We hold that the court appropriately refused to resolve the tax dispute or determine the merits of the tax claim, and we further conclude that the court's canvassing of the evidence at hearing on the Motion to Dismiss constituted an appropriate review of the claims for § 109(e) eligibility purposes. The purpose of Chapter 13 debt limitations is "to limit the availability of a Chapter 13 adjustment of debts to individual wage earners and 'small sole proprietor[s], for whom a chapter 11 reorganization is too cumbersome a procedure.' Such limited eligibility is intended to implement the expeditious administration of Chapter 13 reorganizations. To require the bankruptcy court to decide the merits of disputed claims before determining eligibility imposes an impractical burden and delay upon the Chapter 13 court. Alternatively, it has been said that requiring the bankruptcy court to pass on the merits of all claims before the proceeding could even get under way, would generate a circular and self-defeating barrier to the prompt administration of Chapter 13 proceedings. Thus, the bankruptcy court was not obligated to fully determine the amount of the tax claims, and in fact, to do so would have been contrary to Chapter 13 policy of expediency.
>
> Rather than making final determinations on disputed liabilities, it is appropriate for a court considering eligibility to rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith. In so doing, however, the court should neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor. <u>At a hearing on eligibility, the court should thus, canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits.</u>

*Id.* (Internal citations omitted and emphasis added.) *See also In re Glance*, 487 F.3d 317, 321 (6th Cir. 2007) ("[J]ust as a debtor may seek protection from a bank's foreclosure on a lien because it is a 'claim' under the Code, so a debtor must treat the same lien as a 'debt' in determining whether he has exceeded the debt limitations for filing a Chapter 13 petition.").

this issue. And while Kendall's review of the case law confirms that there is no Eleventh Circuit ruling, it also reveals that this very Court, Judge Cristol presiding, recently addressed the issue and found that § 109's requirements are in fact jurtisdictional. In dismissing the case for the debtor's failure to comply with § 109's eligibility requirements, Judge Cristol said, "the Court views the criteria established by 11 U.S.C. § 109 as jurisdictional." *In re Valdez*, 335 B.R. 801, 803 (Bkrtcy. S.D. Fla. 2005). Assuming that Judge Cristol's view prevails in this Court, Kendall could not have waived its right to contest the Debtor's Chapter 13 eligibility, and this case must be dismissed.

But even assuming, *arguendo*, that § 109's requirements are not jurisdictional and can be waived, even under the cases submitted by the Debtor, Kendall cannot be held to have waived its right. Here, Kendall timely filed its proof of claim on May 7, 2008.[3] Kendall raised the issue of the Debtor's eligibility under § 109 **less than two months later** at a hearing on July 3, 2008, noting that, as a result of Kendall's claim, "this can't be a chapter 13 case." *See* Omnibus Motion at Ex. 10, p.5. And had there not been repeated continuances of the confirmation hearing, that argument would have been presented even earlier.

By comparison, in the *Sullivan* case cited by the Debtor, the IRS waited <u>ten months</u> after the debtor filed its petition to challenge the debtor's eligibility to proceed under Chapter 13. *Sullivan*, 245 B.R. at 418. The Court held that, under the circumstances, including the fact that the Chapter 13 plan had not yet been confirmed, it could "not say that the IRS waited an unreasonable amount of time to file its motion, such that it waived its right to challenge Sullivan's eligibility under Chapter 13." Kendall's objection here was raised months earlier than in *Sullivan*. And importantly, the Debtor's Chapter 13 plan has not been confirmed (indeed,

---

[3] Notably, in order to avoid an eligibility problem under § 109, the Debtor improperly listed Kendall's claim in her bankruptcy schedules in a zero dollar amount, and identified the claim as contingent and unliquidated (and disputed).

Kendall's § 109 objection was raised in the context of an objection to confirmation).  So, even assuming that Kendall could have waived its right to contest the Debtor's Chapter 13 eligibility, no waiver occurred here.  Kendall raised the § 109 issue in a timely fashion, pre-confirmation. Accordingly, as set forth herein and in the Omnibus Motion, the Debtor's Chapter 13 case must either be dismissed or converted to a Chapter 7 case <u>as a matter of law.</u>

### Certification under Local Rule 9011-4(B)(1)

I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

> Herron | Jacobs | Ortiz
> *Attorneys for Kendall Healthcare Group, Ltd.*
> 1401 Brickell Avenue, Suite 840
> Miami, Florida 33131
> Tel:  (305) 779-8100
> Fax:  (305) 779-8104
> Aherron@hjo-law.com
>
> By: <u>/s/ Andrew Herron</u>
>      Andrew R. Herron
>      Florida Bar No. 861560

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to all parties entitled to notice via the court's CM/ECF electronic mail, this 5th day of September 2008.

> <u>/s/ Andrew R. Herron</u>
> Andrew R. Herron